IN THE UNITED STATES BANKRUPTCY COURT
For The
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: SONIA WASHINGTON<br><br>_____<br><br>SONIA WASHINGTON<br>      Debtor/Plaintiff<br>STEPHANIE WASHINGTON<br>      Plaintiff<br><br>v.<br><br>WELLS FARGO BANK, NA; PNC BANK; DAVID M. SCHLACHTER, ESQ.; MARC ALSTER, ESQ.; ZUCKER, GOLDBERG & ACKERMAN; MTGLQ INVESTORS, L.P.; RUSHMORE LOAN MANAGEMENT SERVICES; PLUESE, BECKER & SALTZMAN, LLC/ATTORNEY WEST;<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 13 Case No. 17-29512<br><br>Adversary Proceeding<br>No. 18-01093 VFP<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6) AS TO MTGLQ INVESTORS, L.P.; RUSHMORE LOAN MANAGEMENT SERVICES; AND, PLUESE, BECKER & SALTZMAN, LLC/ATTORNEY WEST** |

_____

**PLUESE, BECKER & SALTZMAN, LLC**
**Attorneys At Law**
**Stuart H. West, Esquire**
**SW8474**
**20000 Horizon Way, Suite 900**
**Mount Laurel, NJ 08054-4318**
**phone:856-813-1700**
**fax: 856-813-1720**
**email: swest@pbslaw.org**
**Attorneys for the Secured Creditor, MTGLQ Investors, L.P./Loan Servicer, Rushmore Loan Management Services/Law Firm, Pluese, Becker & Saltzman, LLC/Attorney West**

**TABLE OF CONTENTS**

**TABLE of AUTHORITIES**............................................. ii

**STATEMENT OF THE ISSUE**.............................................. 1

**STATEMENT OF FACTS AND PROCEDURE**....................................................2

**STATEMENT OF RELATED CASES AND PROCEEDINGS**..................................................5

**STANDARD OF REVIEW** ...............................................6


**ARGUMENT**

<u>**Point I:**</u> **Sonia and Stephanie provide no basis to void the State Court Judgment, and their reqquest to do so Is barred by the Rooker-Feldman Doctrine**................... 6

<u>**Point II:**</u> **Sonia and Stephanie fail to allege a claim upon which relief may be granted against the Defendants**.........9

<u>**Point III:**</u> **The Letter of Complaint contains many mistatements Of fact** ..............................................9

**CONCLUSION** ......................................................12

**TABLE of AUTHORITIES**

**Rules**

F.R.Civ.Pro. 11 ...............................................1,13
F.R.Civ.Pro. 12(b)(6)..........................................1,5,6
F.R.Bankr.Pro 7012(b)..........................................6

**Decisions**

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ................6

District of Columbia Court of Appeals v. Feldman,
460 U.S. 462 (1983), ...........................................7

El-Ganayni v. U.S. Dept. Of Energy,
591 F.3d 176, 186 (3d Cir. 2010) ...............................6

Exxon Mobil Corp v. Saudi Basic Indus. Corp.,
544 U.S. 280, 284 (2005)........................................7

Great Western Mining & Mineral Company v. Fox Rothschild LLP,
615 F.3d 159 (3rd Cir. 2010)....................................7,8

In re Rusch, 2010 Bankr. LEXIS 4876, 2010 WL 5394789
(Bankr. D.N.J. 2010) ...........................................7

Kushner v. Wachovia Bank, N.A., 2010 U.S. Dist. LEXIS 129432,
2010 WL 5094511 (D.N.J. 2010)...................................7

Mayeres v. BAC Home Loans, 2011 Bankr. LEXIS 2793
(Bankr.D.N.J. 2011).............................................7

Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)....6

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)...................7

Defendants, MTGLQ Investors, L.P. ("MTGLQ"); Rushmore Loan Management Services ("Rushmore"); and, Pluese, Becker & Saltzman, LLC/Attorney West ("PBS"), by and through their counsel, Pluese, Becker & Saltzman, LLC, collectively "the Defendants," respectfully submits this Brief in support of their Motion to Dismiss Washingtons' Adversary Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**STATEMENT OF THE ISSUE**

Whether Sonia Washington, the Debtor/Plaintiff and Stephanie Washington, a Plaintiff (collectively, the "Washingtons") fail to state a claim for which relief can be granted on this Adversary Complaint, wherein they seek: (1) to void a State Court Judgment in Foreclosure; (2) free and clear title to the subject property (on which there is a State Court Judgment); and to either compel the current Secured Creditor to give them a Loan Modification or in the alternative they demand $480,000. The Adversary Complaint, which is in the form of a rambling 11 page letter, is apparently based upon the mistaken belief the Washingtons are entitled to a loan modification. There is absolutely no basis given for the relief that is requested; which is an improper collateral attack on a state court judgment in a federal forum. The Defendants assert that this Adversary Complaint was filed to harass, cause unnecessary delay and needlessly increase the cost of litigation, violating F.R.Civ.P. 11.

**STATEMENT OF FACTS AND PROCEDURE**

Briefly summarized, the proceedings thus far are as follows: On June 27, 1997, Stephanie C. Washington ("Stephanie") and Anthony Washington ("Anthony") executed a 7.625% fixed rate Note to PNC Mortgage Corp. Of America ("PNC") in the amount of $108,000. See Exhibit "A," Note. In order to secure payment of the Note, Stephanie and Anthony gave to PNC a purchase money Mortgage on 31-33 Van Winkle Avenue, City of Passaic, NJ 07055 (the "Subject Property"). See Exhibit "B," Mortgage.

On November 9, 1997, Stephanie and Anthony conveyed the Subject Property to Stephanie, Anthony and Sonia Washington. See Exhibit "C," 1997 Deed. On May 26, 2000, Stephanie, Anthony and Sonia conveyed the Subject Property to Stephanie, Anthony and Sonia as tenants in common without rights of survivorship. See Exhibit "D," 2000 Deed. On February 22, 2008, Stephanie, Anthony and Sonia conveyed the Subject Property to Stephanie and Sonia. See Exhibit "E," 2008 Deed. The result of these transfers is that while only Stephanie and Anthony on the Note and Mortgage, the deed is held by Stephanie and Sonia. Sonia, who is the sole Debtor herein, is neither on the subject Note nor Mortgage.

On March 5, 2007 an Assignment of Mortgage was executed into Wells Fargo Bank, N.A. ("Wells Fargo"). The Assignment of Mortgage was recorded on March 30, 2007 in the Office of the Clerk of Passaic County in Book AS229, Page 129. See Exhibit "F," First AOM.

On October 1, 2010, after having made payments for thirteen years, thereby, ratifying the purchase money Mortgage, Stephanie and Anthony

-2-

defaulted on their obligation to maintain regular monthly payments pursuant to the Note and Mortgage and all payments thereafter. At no time since have they denied the eight year old default. On November 14, 2010, Wells Fargo sent Notices of Intent to Foreclose ("NOIs") via regular and certified mail. Exhibit "G," NOIs and proof of mailing.

Wells Fargo filed a Complaint in Foreclosure on June 5, 2013 (the "Foreclosure"). See Exhibit "H," Complaint. Stephanie Washington sent an Answer to the Office of Foreclosure, but it was marked deficient. See Exhibit "I," Deficiency Notice. Therefore, the Foreclosure proceeded as uncontested. Final Judgment in the amount of $156,703.63 was entered on May 20, 2015. Exhibit "J," Final Judgment. The loan was subsequently transferred to MTGLQ Investors, L.P. As the transfer was post- Judgment, the intent was/is for there to be an Assignment of Bid at Sheriff's Sale. An Order for Additional Sums was entered on April 29, 2016, in the amount of $9,303.29. See Exhibit "K," Order for Additional Sums. A duly noticed Sheriff's Sale was first scheduled for May 10, 2016. Stephanie used her two statutory adjournments, so that the Sheriff's Sale was re-scheduled for June 7, 2016.

On June 3, 2016, Stephanie filed a Chapter 13 Bankruptcy Petition, Case No. 16-20958-VFP. On June 14, 2016, Stephanie field a Notice of Request for Loss Mitigation. An Order Granting that Request was entered on July 12, 2016. On January 27, 2017, Case No. 16-20958 was dismissed for failure to complete a Loan Modification. A complete loss mitigation package was never submitted. A Sheriff's Sale was scheduled for February

21, 2017; however, on February 10, 2017, the MTGLQ allowed Stephanie an additional ten days to submit a complete loss mitigation package and agreed to postpone the Sheriff's Sale for forty five days. The new Sale date was April 11, 2017, which MTGLQ pushed back another week to April 18, 2017. On February 27, 2017, the application was denied for being incomplete. See Exhibit "L," Denial Letter.

With the duly noticed Sheriff's Sale being scheduled for April 18, 2017, Stephanie filed a Chapter 7 Bankruptcy Petition on April 16, 2017, Case No. 17-17654 VFP. On June 26, 2017, the Chapter 7 Trustee filed a Notice of Proposed Abandonment along with a Report of No Distribution on July 13, 2017. On July 5, 2017, Stephanie filed a Motion for Approval to Participate in the Court's Loss Mitigation Program. MTGLQ filed Opposition and the Motion was denied on July 25, 2017, the Denial Order being entered on July 27, 2017. The Chapter 7 case was closed without discharge on August 15, 2017 based upon the Debtor's failure to file a Debtor's Certification of Completion of Post-Petition Instructional Course. MTGLQ resumed foreclosure proceedings on August 22, 2017, but placed the file on a Loss Mitigation Hold. The Chapter 7 was reinstated on September 15, 2017 and the Debtor received a Discharge on October 13, 2017. On December 20, 2017, the Debtor filed a Motion to Reopen the Case to Redact Privileged Document and to Reinstate the Stay. The Motion was denied after oral argument on January 30, 2018. An Order to that effect was entered on January 31, 2018 and a Revised Order was entered on February 5, 2018.

-4-

The file was removed from Loss Mitigation hold and a duly noticed Sheriff's Sale was scheduled for February 6, 2018. The February 6, 2018 Sheriff's Sale was adjourned to March 6, 2018 to allow MTGLQ to obtain an Order for Additional Sums. On March 3, 2018, Sonia filed a Chapter 13 Bankruptcy Petition to once again stay the Sheriff's Sale. As noted earlier, Sonia is neither on the Note nor the Mortgage.

On April 18, 2018, the Debtor filed a Motion to Participate in the Court's Loss Mitigation Program. MTGLQ filed Opposition as well as Opposition to Confirmation. On May 17, 2018, the Motion to Participate in the Court's Loss Mitigation Program was withdrawn. On June 4, 2018, Stephanie and Sonia filed the within Adversary action. AT a confirmation hearing on June 21, 2018, Your Honor allowed the Debtor into the Court's Loss Mitigation Program and adjourned Confirmation to August 16, 2018.

**STATEMENT OF RELATED CASES AND PROCEEDINGS**

This matter is related to: an action for residential foreclosure (the "Foreclosure"), in which a Sheriff's Sale is currently stayed by the underlying Chapter 13 proceeding, captioned <u>Wells Fargo Bank, N.A. v. Stephanie Washington, et al.</u>, Superior Court of N.J., Chancery Division, Passaic County, Docket No. F-019026-13; and, the underlying Chapter 13, Case No. 18-14250.

**STANDARD OF REVIEW**

The Court must accept all well pled allegations of the Complaint as true and view them in the light most favorable to the plaintiff when reviewing a Fed.R.Civ.P. 12(b)(6) motion to dismiss. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). It is well settled, however, that dismissal is appropriate where "an insuperable bar to relief" is evident from the face of the complaint. El-Ganayni v. U.S. Dept. Of Energy, 591 F.3d 176, 186 (3d Cir. 2010) *citing* 5B Wright & Miller, Federal Practice & Procedure § 1357 (3d ed. 2004). In addition, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**ARGUMENT**

**Point I: Sonia and Stephanie provide no basis to void the State Court Judgment, and their request to do so, is precluded by the Rooker-Feldman Doctrine**

This Motion is made pursuant to F.R.C.P 12(b)(6), made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b). The Defendants assert Sonia and Stephanie have failed to state a claim upon which relief can be granted, as the Rooker-Feldman Doctrine precludes this Honorable Court from voiding a Final Judgment in Foreclosure that was entered in the State Court Foreclosure action on May 20, 2015.

The Rooker-Feldman doctrine denies federal courts (other than the U.S. Supreme Court) subject matter jurisdiction in matters in which those courts are asked to review and reverse judgments entered by state courts. Mayeres v. BAC Home Loans, 2011 Bankr. LEXIS 2793 (Bankr.D.N.J. 2011) *citing* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Great Western Mining & Mineral Company v. Fox Rothschild LLP, 615 F.3d 159 (3rd Cir. 2010) *citing* Exxon Mobil Corp v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). In addition, "A federal district court cannot directly or indirectly review, negate, void or provide relief that would invalidate a decision in a State Foreclosure Action." In re Rusch, 2010 Bankr. LEXIS 4876, 2010 WL 5394789 (Bankr. D.N.J. 2010) *citing* Kushner v. Wachovia Bank, N.A., 2010 U.S. Dist. LEXIS 129432, 2010 WL 5094511 (D.N.J. 2010).

The Third Circuit held there were four requirements to determine the applicability of the Rooker-Feldman doctrine: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

-7-

<u>Great Western Mining</u> at 168. In this case, Sonia and Stephanie had a state court foreclosure judgment entered against them in 2015; their alleged injury was caused by the state court Judgment; the state-court final judgment was entered in 2015 and this adversary action was filed in February 23, 2018. Stephanie and Sonia are asking this Honorable Court to reverse the state court's entry of Final Judgment, and give them title to the Subject Property free and clear of any liens. Therefore, the four requirements of <u>Great Western Mining</u> have been met and the Rooker-Feldman doctrine is applicable. As such, this Honorable Court lacks subject matter jurisdiction to address the demands of Sonia and Stephanie. Judicial notice might be taken that Sonia and Stephanie provide no legal basis in their Adversary Complaint to support the demand to void the Judgment and provide them with a house free and clear of any liens. Nor do Sonia and Stephanie deny the default date of October 1, 2010.

    The Defendants respectfully request that their Motion to Dismiss the Adversary Complaint be granted with prejudice.

**Point II: Sonia and Stephanie fail to allege a claim upon which relief may be granted against the Defendants**

Although the bulk of the Letter of Complaint in this Adversary proceeding is aimed to the attorneys for Sonia and Stephanie, there seems to be an overall misguided belief that they were either going to get or, in fact, are entitled to a loan modification. There is a lot of misunderstanding of the Court proceedings up to this point. Stephanie and Sonia were never offered a loan modification and a complete loss mitigation package has not been submitted up to this point that would allow MTGLQ to make a substantive review. In any event, there is certainly no claim made as to the Defendants upon which relief can be granted. Sonia and Stephanie are not entitled to a Loan Modification. If they are able to submit a full and complete loss mit package than a good faith substantive review will be done. However, there are many obstacles to a Loan Modification in this case. Sonia is neither on the Note nor the Mortgage and therefore a simple Modification cannot be done. There would have to be an assumption of the debt. Anthony is on the Note and Mortgage and therefore, MTGLQ requires his financial information. Finally, the pre-Petition arrearage in this case is over $146,000, thereby making it very difficult to craft an affordable loan mod.

**Point III: The Letter of Complaint contains many misstatements of fact**

The Defendants wish to address the many misstatements that are made that are relevant to them. The Complaint states: "A modification was

-9-

requested, filed in bankruptcy court and agreed through Wells Fargo said creditor." To be clear, entry into the Court's Loss Mitigation Program was requested and granted. A Modification was never agreed to as a complete package was never submitted. "This although Rushmore Loan Management Services and or MTGLQ Investors have been fighting among them self (sic) of ownership..." MTGLQ is the current investor and secured creditor. Rushmore services the loan for MTGLQ.

The Complaint states: "On January 9, 2019 I had a hearing in bankruptcy court to receive a modification to saving my residential property." In fact, that hearing was Debtor's Motion to Re-Open the Case to redact Documents and Reimpose the Stay. The hearing had nothing to do with a loan modification. I requested and received an adjournment of the hearing, not because I did not have all of the paperwork to review for a modification, but because my firm had not received notice of the hearing and we wished to file Opposition to the Motion. Yet, the Complaint states: " This adjournment seems to be just another excuse made to deny my modification once again. This modification has been long overdue since July 12, 2017 hearing date." The PACER Report for Case No. 17-17654, shows there was no hearing date on July 12, 2017. There was a pending Motion for Entry into the Loss Mit Program at that time.

The Complaint states: "My modification was denied when Attorney Stuart West, stated I had a shortage in my household income of $413 a month to receiving a modification." My statement that there was a shortage of household income in the amount of $413, was part of the

-10-

Opposition to the Debtor's Motion for Approval to Participate in the Court's Loss Mitigation Program, that was filed on July 18, 2017. The Debtors were never denied for a Modification based upon that representation.

The Complaint states: "Although a Modification was agreed by Judge Papalia in bankruptcy court on July 12, 2017. There was no modification to be obtained." Again, PACER does not show that a hearing was held on July 12, 2017 and Your Honor never agreed that there was a Modification.

The Complaint states: "Attorney Schlachter and Attorney Stuart West has been stating, my case was left open to receive the agreed modification since July 2017 to this present time." As an initial matter, there was never an agreed upon Modification. The Defendants went out of their way to place the file on hold, to give the Debtors time to submit a complete loan modification package. That was never done despite the extra time given.

The Complaint accuses me personally of not being truthful with the Court when I represented Final Judgement was entered in the underlying Foreclosure action on May 20, 2015. I am not sure the basis of the Debtors frivolous allegation, but, in fact, Final Judgement was entered on May 20, 2015 in Docket No. F-19026-13. See Exhibit "K." I am also accused of wanting "to ignore the agreement made to a modification in bankruptcy court." Stephanie and Sonia then allude to a "dummy modification document" that was filed on July 5, 2017. That document was Debtor's Motion for Approval to Participate in the Court's Loss

-11-

Mitigation Program. There seems to be constant confusion between entry into the Court's Loss Mit Program and getting a Loan Modification. That confusion came to light again during the recent oral argument on Sonia's Confirmation hearing. When Your Honor stated you would allow Sonia into the Loss Mit Program, Sonia and Stephanie took that to mean they were being given a Modification. Your Honor had to correct the misguided impression.

**CONCLUSION**

There is no basis for the relief requested in Sonia and Stephanie's Adversary Complaint. The Complaint with regard to the Defendants is based upon a misunderstanding of the Bankruptcy process and the Court's Loss Mitigation Program. Rushmore, as the servicer for the current lender has the authority to approve a loan modification, but throughout the last three Bankruptcies that have impacted the Subject Property, has never received a complete package.  A loan modification was never approved in this matter. There are unusual hurdles in this matter with regard to a loan modification: Sonia is neither on the Note nor Mortgage; Anthony, who apparently wants no part of the Subject Property is on both the Note and the Mortgage; and, the almost eight year old arrearage is substantial. None of these factors is the fault of MTGLQ, Rushmore or this law firm.  In addition, the relief requested is barred

by the Doctrines of Rooker-Feldman with regard to any challenge to the State Court Judgment. There is neither case law nor Statute that compels a lender to give a loan modification. There has been no wrong doing or misrepresentations by any of the Defendants.

Your Honor has allowed Sonia into the Court's Loss Mit Program. If a full loss mit package is submitted to Rushmore on behalf of MTGLQ, then a full and substantive review can be done, despite Sonia and Stephanie dragging the Defendants into this frivolous action against them. Sonia an Stephanie have failed to set forth a claim upon which relief can be granted as to the Defendants.

By reason of the foregoing, the Defendants respectfully submit that Sonia and Stephanie's Adversary Complaint be dismissed with prejudice.

Respectfully Submitted,
Pluese, Becker & Saltzman, LLC

By: /s/ Stuart H. West
    Stuart H. West, Esq.

-13-